ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JAN 31  AM 8:20

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

COMMINY L. CRAWFORD,            )
                                )
        Plaintiff,              )
                                )
v.                              )   CV 305-142
                                )
LAWTON DOUGLAS, OLLIE GIBSON,   )
                                )
        Defendants.             )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 26, 2006, plaintiff, a prisoner confined at Metro State Prison, submitted an amended complaint seeking relief under Title 42, United States Code, Section 1983. The Court now will screen the amended complaint pursuant to Title 28, United States Code, Section 1915A to determine whether plaintiff has stated a claim on which Section 1983 relief may be granted.

### I. BACKGROUND

Prior to being transferred to Metro State Prison, plaintiff was housed at the Dodge County Jail. In May 2005, she discovered that she was five weeks pregnant. She was hospitalized for pain and bleeding related to her pregnancy on May 4, 2005. On May 6, 2005, plaintiff alleges that defendant Gibson, a jail administrator, refused to send her back

to the hospital when she complained of more bleeding and pain. She also alleges that, on May 10-11, 2005, and May 27, 2005, defendant Douglas, the Dodge County Sheriff, likewise refused to take her to see a doctor after she complained of bleeding and pain. According to plaintiff, defendants' failure to take her to a hospital or doctor constituted deliberate indifference to a serious medical condition. While she asserts that the actions of defendants made her physical conditions worse, she does not specify any injury to her or to her baby resulting from defendants' alleged deliberate indifference.

## II. DISCUSSION

Plaintiff does not allege that she filed a grievance with the Dodge County Jail officials or that she appealed any denial of a grievance. In her complaint, she states that she has not filed a grievance because she is no longer confined at the Dodge County Jail.

Under Title 42, United States Code, Section 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, 'irrespective of the forms of relief sought and offered through administrative avenues.'" Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005) (citing Booth v. Churner, 532 U.S. 731, 741 n.6 (2001)); see also Moore v. Smith, 18

2

F. Supp. 2d 1360, 1362 (N.D. Ga. 1998) (finding that prisoner lawsuit in which denial of grievance was not appealed must be dismissed under Section 1997e).

"[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures.'" Salas v. Tillman, 2006 WL 122426 (11th Cir. Jan. 17, 2006) (citing Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005)). Further, "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile," Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000), or because a pursuit of administrative remedies would be untimely, Salas, 2006 WL 122426, at *2.

Plaintiff has not shown or alleged either that she exhausted her administrative remedies at the Dodge County Jail or that administrative remedies were unavailable to her. The exhaustion requirement is not an affirmative defense; it must be pleaded by a Section 1983 plaintiff and verified through written documentation. Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209-10 (10th Cir. 2003); Howard v. Henderson, 2006 WL 20511 (M.D. Fla. Jan. 4, 2006). Failure to do so is tantamount to failing to state a claim on which relief may be granted. Steele, 355 F.3d at 1209-10; accord Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). Because plaintiff neither alleges exhaustion nor submits evidence of exhaustion, she has failed to state a claim on which relief may be granted, and her complaint should accordingly be dismissed.

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to exhaust her

3

administrative remedies and thus has failed to state a claim on which relief may be granted. The Court accordingly recommends that the case be **DISMISSED**.

SO REPORTED and RECOMMENDED this 31st day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE